# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:06CV53-H

| | |
|---|---|
| **GAY P. MILLER,** | |
| **Plaintiff,** | |
| v. | **MEMORANDUM AND ORDER** |
| **HMS HOST FAMILY RESTAURANTS, INC. d/b/a STOCK CAR CAFÉ,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Reduce or Extinguish Workers' Compensation Lien" (document #24) filed November 20, 2007. US Airways, an interested party, filed its "Opposition to Plaintiff's Motion to Reduce or Extinguish Workers' Compensation Lien Pursuant to N.C. Gen. Stat. § 97-10.2(j)" (document #25) on December 3, 2007. The Plaintiff filed her ". . . Reply . . ." (document #26) December 14, 2007.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the subject Motion is now ripe for disposition.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the Plaintiff's Motion for the reasons set forth below, and for the further reasons stated in US Airways' "Opposition . . ." (document #25).

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action seeks damages for injuries sustained by the Plaintiff, a US Airways Flight Attendant, following a slip and fall in the Stock Car Café, which is located in the Charlotte-Douglas International Airport (the "Airport"). Although liability remains contested, the parties have advised

the Court that they have reached a tentative settlement in the amount of $13,000, subject to the Court's resolution of the current Motion.

The Plaintiff has recovered a total of $207,159.94 in workers' compensation benefits from US Airways for past and future medical expenses and wage loss – all of which is subject to US Airways' subrogation lien under the Pennsylvania Workers' Compensation Act, if it governs the current dispute. It is this workers' compensation lien the Plaintiff seeks to reduce or extinguish in the subject Motion.

## II. DISCUSSION

Section 97-10.2(j) of the North Carolina Workers' Compensation Act allows a court to reduce or eliminate a subrogation lien on benefits paid under the North Carolina Act. See N.C. Gen. Stat. § 97-2(11) (defining compensation as "the money allowance payable to an employee . . . as provided for in this Article") (emphasis added). However, because the Plaintiff received benefits pursuant to the Pennsylvania Workers' Compensation Act, as US Airways argues, Pennsylvania law determines whether this Court has the authority to reduce or extinguish the subject lien. See Braxton v. Anco Elec., Inc., 330 N.C. 124, 127, 409 S.E.2d 914, 915 (1991) (when a worker receives benefits under a state's workers' compensation statute, courts must look to that state's statute to determine the protections and benefits to be awarded the worker).

Unlike the North Carolina statute, the Pennsylvania Workers' Compensation Act makes no provision for a court to reduce or eliminate the amount of a subrogation lien for compensation paid pursuant to the Act. See 77 P.S. § 1 et seq. To the contrary, it plainly and unequivocally provides that "[w]here the compensable injury is caused in whole or in part by the act or omission of a third

2

party, the employer shall be subrogated to the right of the employe[e] . . . against such third party to the extent of the compensation payable under this article by the employer." 77 P.S. § 671 (emphasis added). Accord Edder v. W.C.A.B. (Glenshaw Glass Co.), 767 A.2d 617, 618 (Pa. Cmwlth. 2001) (an "employer is entitled to subrogation in order to prevent double recovery by the claimant for the same injury"). Thus, this Court is clearly without the authority to reduce or extinguish US Airways lien.[1]

The Plaintiff is advised that Pennsylvania law only allows her to retain any settlement in excess of that which she has already recovered from US Airways, that is, any amount in excess of $207,159.94. Thus, she must now decide whether to accept the settlement (part of which will go to her attorney and the remainder of which will go to US Airways), whether to dismiss her Complaint (meaning no recovery for her, her attorney, or US Airways), or whether simply to reject the settlement. The Plaintiff is further advised that should she not notify the Court in writing that she has accepted the settlement offer on or before Monday, January 14, 2008, the Court will proceed to resolve Defendant's pending Summary Judgment Motion, and if her case survives that Motion, to schedule this case for trial.

Plaintiff's counsel is instructed to present a copy of this Order and discuss these options, as well as any others he believes to be viable, with his client, and to inform the Court in writing, on or before January 14, 2008, how his client wishes to proceed.

### III. ORDER

**IT IS THEREFORE ORDERED** that the Plaintiff's "Motion to Reduce or Extinguish

---

[1] Pennsylvania law does provide for attorneys' fees in the third-party settlement to be paid by the employer, presumably out of the settlement. See 77 P.S. § 671.

Workers' Compensation Lien" (document #24) is **DENIED**.

The Clerk is directed to send copies of this Order to counsel for the parties; and to counsel for US Airways (Kimberly A. Zabroski, Littler Mendelson, P.C., Dominion Tower, 625 Liberty Avenue, 26th Floor, Pittsburgh, PA 15222).

**SO ORDERED.**

Signed: January 4, 2008

Carl Horn, III
United States Magistrate Judge